UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_Chris Martinez_
_640 River Street_
_Allegan, MI 49010_

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v. _Defendant, et al./ Rick Walters_
_89 West 8th St Holland, MI 49423_
_85 West 8th St Holland, MI 49423_

(Enter above the full name of the defendant or defendants in this action.)

**FILED - GR**

June 8, 2022 1:23 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: _KB/ 6 -8_

**1:22-cv-516**

Robert J. Jonker
Chief U.S. District Judge

<u>COMPLAINT</u>

I.      Previous Lawsuits

CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

A.      Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?     Yes ☐ No ☒

B.      If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.      Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the suit was filed.

_____

2.      Is the action still pending?     Yes ☐ No ☐

a.      If your answer was no, state precisely how the action was resolved: _____

_____

3.      Did you appeal the decision?   Yes ☐  No ☐

4 .     Is the appeal still pending?      Yes ☐  No ☐

a.      If not pending, what was the decision on appeal? _____

_____

5.      Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?  Yes ☐   No ☐

If so, explain: _____

_____

II.  Place of Present Confinement _____

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

_Ottawa County Jail Fillmore Facility  and (current) Allegan County Jail_

-1-

## VERIFIED COMPLAINT FOR DAMAGES
## AND INJUNCTIVE RELIEF

### I. Introduction

1. This is a § 1983 action filed by Plaintiff, jail inmate, alleging violation of his constitutional rights to receive due process and seeking injunctive relief and money damages.

### II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States. of America.

## III. Parties

4. Plaintiff Chris Martinez at all times relevant was confined by the Holland Police Department in the Ottawa County Jail Fillmore Facility in the County of Ottawa.

5. Plaintiff Chris Martinez at all times relevant is confined currently by the Allegan County Jail in the County of Allegan.

6. Defendant City of Holland is a public Michigan Municipality which has been, at all relevant times, under a contract with the State of Michigan to provide public safety and law enforcement services to citizens with Holland Police Department, including Chris Martinez.

7. Defendant (Unknown) Ludema at all relevant time was a Detective at Holland Police Department employed by City of Holland.

8. Defendant Gustavo Calderon at all relevant time was a Detective at Holland Police Department employed by City of Holland.

9. Defendant (Unknown) Valenzuela at all relevant time was a Detective at Holland Police Department employed by City of Holland.

10. Defendant (Unknown) Magdaleno at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

11. Defendant (Unknown) Spykerman at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

12. Defendant Jeremy Schoen at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

13. Defendant (Unknown) Bron at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

14. Defendant Jeff Klein at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

15. Defendant Derek Barrett at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

16. Defendant (Unknown) Rathjen at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

17. Defendant (Unknown) Wolters at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

18. Defendant (Unknown) Howe at all relevant time was a Police Officer at Holland Police Department employed by City of Holland.

19. Defendant Rick Walters at all relevant times was a Captain at Holland Police Department employed by City of Holland.

IV. Exhaustion of Available Remedies

20. Plaintiff exhausted his administrative remedies before filing this complaint. Plaintiff filed complaints with State of Michigan, with City of Holland and it's police department.

V.    Factual Statement

21. On June 10, 2020, Plaintiff and significant other Billie Jean Valcoff were assaulted by Michael Lynn Varela at 7 E. 48th St. Apt #1 Holland, MI 49423.

22. Plaintiff told Holland Police Department Officer Spykerman that he and his significant other had been assaulted by "michael" on a cell phone conversation.

23. Plaintiff told Officer Spykerman that he would like to write a formal police statement and file charges on Michael.

24. Plaintiff handed his cell phone to his significant other and she gave verbal testimony to Officer Spykerman that we both had in fact been violently assaulted by Michael.

25. Plaintiff heard his significant other requesting to press formal charges on Michael to Officer Spykerman.

26. Plaintiff and his significant other at the time did not know Michael's full name as Michael Lynn Varela, therefore, could only identify him as Michael.

27. Plaintiff and his significant other would not find out that Michael Lynn Varela was in fact a parolee of the Michigan Department of Corrections until three months after his assault on us.

28. Plaintiff's significant other Billie Jean Valcoff was legally disabled at the time of our assault by Michael.

29 Plaintiff believes him and his significant other were discriminately denied equal protection under Federal Constitutional Law, and in particularly our Fifth Amendent Right, by Holland Police Department Officer SpyKerman.

30. Plaintiff's significant other gave verbal testimony of our assault by Michael to Holland Police Department Detectives Ludema, Calderon, Valenzuela and Holland Police Department Officer Bron along with other officers.

31. Plaintiffs significant other testified to him days later Holland Police Department Detectives and Officers were not at all writing down any of her testimony and questioned them why they weren't. Their reply to her was "Oh were recording it."

32. Ms. Valcoff testified to plaintiff that she could not see what was happening in or outside our 7 E. 48th St. Apartment (Apt.) #1 Holland, MI 49423.

33. Ms. Valcoff testified that about a half hour later that Holland Police Department (HPD) Detective (Det.) Ludema came and got her and had her sit down at our picnic table on the front lawn of 7 E. 48th St Apt. 1. She states, "I noticed the spaded shovel on our picnic table that I brought inside and placed behind the living room door of our (Apt.1).

34. Plaintiff has to believe and assume (HPD) Detective Ludema removed crime scene evidence from inside our Apt. 1, in particular our spaded shovel Ms. Valcoff placed against the wall right behind the front living room door inside 7 E. 48th St Apt.1 Holland, MI 49423.

35. On pg. 1 of 5 Holland Police Department Detective Ludema reports and states, "Also Collected was a shovel located in the front of the apartments in the lawn on a picnic table."

36. Prior to these initial events Billie Jean Valcoff and the plaintiff had in fact physically & voluntarily came outside of our 7 E. 48th St. Apt. 1, thus fullfilling at this point and nullifying the use of the "extraction warrant" any longer. (HPD) Detective Ludema and Officers did not have a legal "search warrant" to enter Apt. 1 at the time.

37. Nevertheless, (HPD) Detective Ludema would ask Ms. Valcoff if she would need a "search warrant" only after him and his officers would violate our Fourth Amendment Right of illegal search and seizure and depriving plaintiff "Procedural Due Process" protected by the Eighth Amendment Right.

38. (HPD) Detectives Ludema and Valenz-
uela would leave the scene to obtain the
search warrant for 7 E. 48th St. Apt. 1
Holland, MI 49423.

39. Holland Police Department (HPD)
Officer Magdaleno had already left the
scene of 7 E. 48th Apt. 1 immediately as
plaintiff was transported by ambulance
to Holland Community Hospital. He went
to take photos of plaintiff.

40. Holland Police Department (HPD)
Officer Magdaleno and Evidence
Technician (E.T.) did arrive back
at the scene of 7 E. 48th St Apt. 1.

41. (HPD) Officer and (E.T.) Magdaleno in fact
collected blood/DNA samples of the scene,
however, would not definely explain
what containment tools he in fact used
to gather and properly secure these
blood/DNA samples.

42. Plaintiff's significant other Billie Jean Valcoff watched Holland Police Department Officer/Evidence Technician Magdaleno gather two swab blood/DNA samples from her vehicle a Chevy Prism, one from the hood and one from the front passenger quarter panel.

43. (HPD) Officer and (E.T.) Magdaleno reports only one swab blood/DNA sample on pg. 4 of his police report from this Chevy Prism.

44. (HPD) Officer Magdaleno is seen by Ms. Valcoff with a waistband carrying pouch attached to his waist side. The two swab blood/DNA samples were put inside seperate plastic bags, sealed and put into his carrying pouch containment tool.

45. (HPD) Officer Magdaleno is seen by Ms. Valcoff walk into 7 E. 48th St, Apt. 1 Holland, MI 49423 with his carry and containment pouch through the front door after collecting the two blood/DNA samples from her Chevy Prism.

46. This **would also mean** (HPD) Officer Magdaleno walked right into Apt. 1 front door and walked right past my blood/DNA on the sidewalk just right in front of my Apt. 1 door.

47. (HPD) Officer **Magdaleno's** report states that he finds a wallet on the sidewalk next to the Apt. 1 front door. This would **indicate** that there was a struggle just outside my Apt. 1 and would have allowed him to see my blood/DNA where in fact Michael Lynn Varela stabbed the plaintiff with plaintiff's spaded shovel.

48. (HPD) Officer Magdaleno states in his report photographing blood droplets inside the living room area and kitchen.

49. (HPD) Officer and Evidence Technician Magdaleno never mentions in his police report that he took blood/DNA swabs of the blood drops just inside the entry way of Apt. 1.

50. (HPD) Officer Magdaleno was never asked by (HPD) Detective Ludema to test the tip of spaded shovel that plaintiff was stabbed with on his rental property of 7 E. 48th St. Apt 1 Holland, MI 49423 on June 10, 2020 by Michael Lynn Varela.

51. (HPD) Officer Magdaleno in his report acknowledges on the grass of the front lawn of 7 E. 48th St. Apt. 1, choosing he could have taken a closer look from macrolens of his camera of this shovel he believes may have been used at the scene.

52. (HPD) Officer Magdaleno states he sees with the visible eye red spots on this retractable knife's handle and blade found by (HPD) Detective Calderon inside a drawer of plaintiff's bedroom. (H.P.D) Officer Magdaleno does choose to take a closer look at these drops with his macrolens on his camera that were already visible to his eyes. This is a deliberate indifference and partiality to falsely and criminally prosecute plaintiff.

53. Plaintiff believes and the fact remains that (HPD) Officer Magdaleno and (HPD) Detective Calderon are both on the Holland Police Department Complaint against the plaintiff stating they saw red spots/blood on this utility knife.

54. Plaintiff knows and believes that (HPD) Officer Magdaleno supplied and planted blood/DNA drops from the un-reported second blood/DNA swab from Ms. Valcoff's Chevy Prism onto this utility knife found by (HPD) Detective Calderon. This is cruel and punishment and violation of procedural due process against my Eighth Amendment Right.

55. The proof of these allegations against (HPD) Officer Magdaleno and (HPD) Detective Calderon is in their own official police reports or testimony. They both state that they saw blood drops on this same utility knife, but never claim or state blood was running from these blood drops.

56. The true fact is that in order for this utility knife to have been used at this crime scene on June 10, 2020 @ 7 E. 48th St. just outside of Apt. 1, (HPD) Officer Magdaleno and (HPD) Detective Calderon in their initial statements should have included that there was in fact blood running from the blood drops they officially state to have seen on this utility knife.

57. For the record it is stated in the Official Holland Police Department report, plaintiff's significant other Billie Jean Valcoff was put down as a witness on their official Complaint instead of as a victim.

58. Plaintiff believes the crime scene was not properly preserved and secured right from the start and that all Holland Police Department Officers and Detectives named on this Complaint either directly or indirectly participated and were grossly and criminally negligent in

creating, staging, and falsify criminal evidence at an Official Holland Police Department crime scene and investigation, in Holland, Michigan 49423 @ plaintiff's residence of 7 E. 48th St. Apt. 1 on June 10, 2020,

59. Plaintiff believes Holland 58th District Court's Parole and Probation Department Supervisory Parole Agent Deanna Bustillos who supervised Michigan Department of Corrections parolee # 233490 Michael Lynn Varela in the City of Holland and State of Michigan was deliberately indifferent and grossly negligent in not detaining and returning Michigan Department of Corrections parolee # 233490 Michael Lynn Varela to prison when he had a "domestic violence" warrant for his arrest at the time of Michael's assault on plaintiff and significant other Billie Jean Valcoff. This does in fact violate our Fifth Amendment Right in parole

agent Deanna Bustillos' failure to protect plaintiff, his significant other, and society from such a dangerous criminal as Michael Lynn Varela.

60. Plaintiff believes Holland 58th District Court Judge Susan Jonas was biased and prejudice toward plaintiff and partial to the Holland Police Department and Prosecutors. Judge Susan Jonas has presided over criminal case(s) against parolee #233490 Michael Lynn Varela of the Michigan Department of Corrections and in particular assault case(s) against him. On September 8, 2020 in the Holland 58th District Court Judge Susan Jonas chose to proceed with the alleged victim Michael Lynn Varela not present to be cross-examined at plaintiff's preliminary examination. Judge Susan Jonas violated my constitutional right to due process according to my Fifth Amendment Right, and Fourteenth Amendment Right.

## Relief Requested

Wherefore, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendant's Ludema, Calderon, Valenzuela, Magdaleno, Spykerman did or attempt to detain plaintiff and violating his Fourth Amendent Right, and illegally search plaintiff's residence @ 7 E. 48th St Apt. 1 Holland, MI 49423.

B. Declare that Defendants in fact failed to protect plaintiff and his significant other, denying them their request to file formal police charges and statements against alleged victim Michael Lynn Varela, thus violating plaintiff's Fifth Amendment Right and U.S. Constitutional Federal Law.

C. Declare that Defendants Ludema, Calderon, Valenzuela, Magdaleno, Spykerman did knowingly, deliberately arrange unlawfully crime scene evidence that is supported by their own official police statements, thus violating plaintiff's Eighth Amendment Right and U.S. Constitutional Federal Law.

D. Declare that Defendants Ludema, Calderon, Valenzuela, Magdaleno, Spykerman, and other defendants named in this Complaint having violated plaintiff's Fourteenth Amendment and his right to due process under United States (U.S.) Constitutional Federal Law.

E. Issue an Injuction that Defendants provide any discovery of all evidence: video recordings, photographs, police records of prior complaints filed against them within their departments, City of Holland official records of Holland Police complaints against them by citizens.

F. Award Compensatory damages for plaintiffs mental anguish, physical and emotional distress and injuries, and punitive damages against each defendant.

G. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

H. Chris Martinez
640 River Street
Allegan, MI 49010


Chris Martinez
Date: 5-31-22

Chris Martinez
640 River St.
Allegan, MI
49010



Grand Rapids, Michigan
49599

U.S. District Court
399 Federal Building
110 Michigan St., NW
Grand Rapids, MI
                    49503